**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re:<br><br>**SCUNGIO BORST & ASSOCIATES, INC,**<br><br>Debtor. | **Chapter 11**<br><br>**Case No. 22-10609 (AMC)** |
| **STEPHEN J. SCHERF, SBA PLAN TRUST ADMINISTRATOR OF SBA PLAN TRUST,**<br><br>Plaintiff,<br><br>vs.<br><br>**REILLY GLAZING, INC.,**<br><br>Defendant. | Adversary No. (Refer to Summons) |

**COMPLAINT SEEKING TO AVOID AND RECOVER TRANSFERS
PURSUANT TO 11 U.S.C. §§ 547, 548 AND 550 AND TO DISALLOW
CLAIMS PURSUANT TO 11 U.S.C. § 502**

Stephen J. Scherf, the SBA Plan Trust Administrator of the SBA Plan Trust (the "Plaintiff"), by and through his undersigned attorneys, hereby brings this complaint (the "Complaint") to avoid and recover transfers against Reilly Glazing, Inc. (the "Defendant"), and in support thereof, alleges upon information and belief that:

**NATURE OF THE CASE**

1. Plaintiff seeks to avoid and recover from Defendant, or from any other person or entity whose benefit the transfers were made, all preferential transfers of property that occurred during the ninety (90) day period prior to the commencement of the Scungio Borst & Associates, LLC (the "Debtor") bankruptcy proceeding, from December 11, 2021 through and including

4892-5713-5781
4889-1731-6012

March 11, 2022 (the "Preference Period"), pursuant to 11 U.S.C. §§ 547 and 550. Subject to proof, Plaintiff also seeks to recover pursuant to 11 U.S.C. § 548 any transfers that may have been fraudulent conveyances. To the extent that Defendant has filed a proof of claim or has a claim listed on the Debtor's schedules as undisputed, liquidated, and not contingent, or has otherwise requested payment from the Debtor, the Debtor's chapter 11 estate or the SBA Plan Trust (collectively, the "Claims"), this Complaint is not intended to be, nor should it be construed as, a waiver of Plaintiff's right to object to such Claims for any reason including, but not limited to, 11 U.S.C. § 502(a) through (j), and such rights are expressly reserved. Notwithstanding this reservation of rights, certain relief pursuant to Section 502 may be sought by Plaintiff herein as further stated below.

## JURISDICTION AND VENUE

2.      This adversary proceeding is a core proceeding pursuant to § 157(b)(2) of Title 28 of the United States Code. This Court has jurisdiction over this adversary proceeding which arises under title 11, arises in and relates to the Debtor's case under title 11 in the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Bankruptcy Court"), Case No. 22-10609 (AMC), pursuant to §§ 157 and 1334(b) of Title 28 of the United States Code, and the General Order of Reference of the United States District Court for the Eastern District of Pennsylvania.

3.      This adversary proceeding arises in a case under the Bankruptcy Code pending in this District and, thus, venue properly lies within this District pursuant to §§ 1408 and 1409(a) of Title 28 of the United States Code.

4.      The statutory and legal predicates for the relief sought herein are §§ 502, 547, 548 and 550 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy

2

Code") and Rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## PROCEDURAL BACKGROUND

5. On March 11, 2022 (the "Petition Date"), the Debtor commenced a case by filing a voluntary petition for relief in the Bankruptcy Court under chapter 11 of the Bankruptcy Code.

6. On or about January 17, 2024, the Bankruptcy Court entered an order (the "Confirmation Order") [Docket No. 387] confirming the *Modified Joint Plan of Liquidation (With Technical Modifications) Proposed by Scungio Borst & Associates, LLC., Debtor-In-Possession, and the Official Committee of Unsecured Creditors of the Estate of Debtor* (with all supplements and exhibits thereto, as it has been and may be amended, altered, modified, revised, or supplemented from time to time) (the "Plan") [Docket No. 326].

## THE PARTIES

7. Pursuant to the Confirmation Order, the Plan and the SBA Plan Trust Agreement, the SBA Plan Trust was created and Stephen J. Scherf was appointed as the SBA Plan Trust Administrator who has been granted, *inter alia*, requisite and exclusive standing and authority to investigate, commence, prosecute, compromise, settle, abandon, and dismiss any and all causes of action transferred to the SBA Plan Trust, including claims, causes of action or remedies under 11 U.S.C. §§ 502, 510, 542, 544, 545, 547 through 553, and 724(a) of the Bankruptcy Code (the "Avoidance Actions").

8. The Defendant is, upon information and belief, an individual, corporation, partnership or other entity amenable to suit in this jurisdiction with an address located at 200 E. Washington Street, Norristown, PA 19401.

4892-5713-5781
4889-1731-6012

**FACTUAL BACKGROUND**

9. Prior to the Petition Date, the Debtor operated as a professional service firm that provided construction management, general contracting, and project management services engaging in retail, commercial, institutional, multi-family, pharmaceutical, public space, healthcare and mixed-use projects with a primary office located at 2 Riverside Drive, Suite 500, Camden, NJ 08103. The Debtor ceased operations shortly before the Petition Date.

10. As a construction management, general contracting, and project management firm, the Debtor regularly purchased goods and/or services from various entities including vendors, creditors, suppliers, distributors and subcontractors.

11. Upon information and belief, the Defendant was, at all relevant times a vendor or creditor that provided glass curtain wall installation for the Debtor.

12. During the course of their relationship, the Debtor and Defendant entered into numerous agreements, which are evidenced by invoices, contracts, purchase orders, communications and other documents (collectively, the "Agreements").

13. Prior to the Petition Date, the Debtor purchased goods and/or services from the Defendant.

14. During the Preference Period, the Debtor continued to operate its business affairs, including the transfer of property, either by checks, cashier checks, wire transfers, ACH transfers, direct deposits or otherwise to certain entities including the Defendant pursuant to the Agreements.

15. Plaintiff has completed an analysis of readily-available information of the Debtor and is seeking to avoid all of the transfers of an interest of the Debtor's property made by the Debtor to Defendant within the Preference Period.

16. Plaintiff has determined that the Debtor made transfer(s) of an interest of the Debtor's property to or for the benefit of Defendant during the Preference Period through payments aggregating an amount not less than $32,385.60 (the "Transfer" and/or "Transfers"). The details of each of the Transfer(s) are set forth on the Statement of Account, which is attached hereto and incorporated by reference as Exhibit "A".

17. On or about February 9, 2024, and possibly additional date(s), Plaintiff, through counsel, sent a demand letter (the "Demand Letter") to Defendant, seeking a return of the Transfer(s). The Demand Letter indicated the potential statutory defenses available to Defendant pursuant to section 547(c) of the Bankruptcy Code and requested that if Defendant had evidence to support any affirmative defenses, it provide this evidence so Plaintiff could review the same. The Defendant has not provided any supportable affirmative defenses to Plaintiff's Demand Letter.

18. Plaintiff also performed a due diligence evaluation of the reasonably-knowable affirmative defenses available to the Defendant. As part of Plaintiff's due diligence, Plaintiff reviewed the Debtor's books and records in Plaintiff's possession, including the Debtor's accounts payable ledger, transaction by vendor schedules, and check detail schedules, the Debtor's schedules and statement of financial affairs filed in this bankruptcy case and met with one of Debtor's principals to review the debtor's transactions with its vendors, suppliers and service providers.

19. Plaintiff acknowledges that some of the Transfers might be subject to defenses under Bankruptcy Code section 547(c), for which Defendant bears the burden of proof under 11 U.S.C. § 547(g).

4892-5713-5781
4889-1731-6012

Document    Page 6 of 11

20. Based upon Plaintiff's review of the information, if any, provided by Defendant prior to filing this Complaint, and after performing Plaintiff's own due diligence evaluation of the reasonably-knowable affirmative defenses to avoidance of the Transfers, including the review and evaluation described in the preceding paragraphs, Plaintiff has determined that Plaintiff may avoid some or all of the Transfers even after taking into account Defendant's alleged affirmative defenses.

21. Plaintiff avers that the Transfers, and each of them, and such other Transfers as are discovered in the course of discovery in this matter, are recoverable for the benefit of creditors. During the course of this proceeding, Plaintiff may learn (through discovery or otherwise) of additional transfers made to Defendant during the Preference Period. It is Plaintiff's intention to avoid and recover all transfers made by the Debtor of an interest of the Debtor in property and to or for the benefit of Defendant or any other transferee. Plaintiff reserves its right to amend this original Complaint to include: (i) further information regarding the Transfers, (ii) additional transfers, (iii) modifications of and/or revision to Defendant's name, (iv) additional defendants, and/or (v) additional causes of action (including, but not limited to, 11 U.S.C. §§ 542, 544, 545, 548 and/or 549) (collectively, the "<u>Amendments</u>"), that may become known to Plaintiff at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this original Complaint.

## **<u>CLAIMS FOR RELIEF</u>**

### **COUNT I**
### **(Avoidance of Preference Period Transfers - 11 U.S.C. § 547)**

22. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully herein and at length.

23. Each Transfer was made to Defendant by the Debtor.

4889-1731-6012

24. Each Transfer was paid from the account or accounts which were property of the Debtor as set forth in greater detail above.

25. Each Transfer constituted a transfer of an interest in property of the Debtor as identified on Exhibit "A."

26. During the Preference Period, Defendant was a creditor of the Debtor at the time of each Transfer by virtue of supplying goods and/or services for which the Debtor was obligated to pay following delivery.

27. Each Transfer was to or for the benefit of a creditor within the meaning of 11 U.S.C. § 547(b)(1) because each Transfer either reduced or fully satisfied a debt or debts then owed by the Debtor.

28. Each Transfer was made for, or on account of, an antecedent debt or debts owed by the Debtor to Defendant before such Transfer was made, as asserted by Defendant and memorialized in the Agreements, each of which constituted a "debt" or "claim" (as those terms are defined in the Bankruptcy Code) owed to Defendant prior to being paid by the Debtor.

29. Each Transfer was made while the Debtor was insolvent. Plaintiff is entitled to the presumption of insolvency for each Transfer made during the Preference Period pursuant to 11 U.S.C. § 547(f).

30. Each Transfer was made during the Preference Period. See Exhibit "A".

31. As a result of each Transfer, Defendant received more than Defendant would have received if: (i) the Debtor's case was under chapter 7 of the Bankruptcy Code; (ii) the Transfer had not been made; and (iii) Defendant received payments of its debts under the provisions of the Bankruptcy Code. As evidenced by the Debtor's schedules filed in the underlying bankruptcy case as well as the proofs of claim that have been received to date, the Debtor's liabilities exceed

4892-5713-5781
4889-1731-6012

its assets to the point that unsecured creditors will not receive a full payout of their claims from the Debtor's bankruptcy estate.

32. In accordance with the foregoing, each Transfer is avoidable pursuant to 11 U.S.C. § 547(b).

**COUNT II**
**(Avoidance of Fraudulent Conveyances - 11 U.S.C. § 548(a)(1)(B))**

33. The Plaintiff incorporates the preceding paragraphs by reference as if set forth fully herein and at length.

34. Subject to proof, Plaintiff pleads in the alternative that to the extent one or more of the Transfers identified on Exhibit "A" were not on account of an antecedent debt or a prepayment for goods and/or services subsequently received, the Debtor did not receive reasonably equivalent value in exchange for such transfer(s) (the "<u>Potentially Fraudulent Transfers</u>"); and

      A.    The Debtor was insolvent on the date that the Transfer(s) were made or became insolvent as a result of the Transfer(s); or

      B.    The Debtor was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the Debtor was an unreasonably small capital; or

      C.    The Debtor intended to incur, or believed that the Debtor would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

35. In accordance with the foregoing, the Potentially Fraudulent Transfers are avoidable pursuant to 11 U.S.C. § 548(a)(1)(B).

4892-5713-5781
4889-1731-6012

## COUNT III
### (Recovery of Avoided Transfers – 11 U.S.C. § 550)

36. The Plaintiff incorporates the preceding paragraphs by reference as if set forth fully herein and at length.

37. Plaintiff is entitled to avoid the Transfer(s) pursuant to 11 U.S.C. § 547(b) and any Potentially Fraudulent Transfers pursuant to 11 U.S.C. § 548. The Transfers and any Potentially Fraudulent Transfers are collectively referred to herein as "All Avoided Transfers."

38. Defendant was the initial transferee of All Avoided Transfers or the immediate or mediate transferee of such initial transferee or the person for whose benefit All Avoided Transfers were made.

39. Pursuant to 11 U.S.C. § 550(a), Plaintiff is entitled to recover from Defendant All Avoided Transfers, plus interest thereon to the date of payment and the costs of this action.

## COUNT IV
### (Disallowance of all Claims – 11 U.S.C. § 502(d) and (j))

40. The Plaintiff incorporates the preceding paragraphs by reference as if set forth fully herein and at length.

41. Defendant is an entity from which property is recoverable under 11 U.S.C. § 550.

42. Defendant is a transferee of All Avoided Transfers avoidable under 11 U.S.C. §§ 547 and/or 548.

43. Defendant has not paid the amount of All Avoided Transfers, or turned over such property, for which Defendant is liable under 11 U.S.C. § 550.

44. Pursuant to 11 U.S.C. § 502(d), any and all Claims of Defendant and/or its assignee, against the Debtor's chapter 11 estate or Plaintiff must be disallowed until such time as

4892-5713-5781
4889-1731-6012

Defendant pays to Plaintiff an amount equal to the aggregate amount of All Avoided Transfers, plus interest thereon and costs.

45. Pursuant to 11 U.S.C. § 502(j), any and all Claims of Defendant, and/or its assignee, against the Debtor's chapter 11 estate or Plaintiff previously allowed, must be reconsidered and disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of All Avoided Transfers.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that, as to Counts I through IV, the Court enter a Judgment against the Defendant as follows:

That All Avoided Transfers avoidable under 11 U.S.C. §§ 547 and/or 548 in the total aggregate amount of not less than $32,385.60 be avoided:

A. That All Avoided Transfers, to the extent that they are avoided pursuant to 11 U.S.C. §547 and/or 548, be recovered by Plaintiff pursuant to 11 U.S.C. § 550;

B. Disallowing, in accordance with 11 U.S.C. § 502(d), any Claims held by Defendant and/or its assignee until Defendant satisfies the Judgment.

C. Disallowing, in accordance with 11 U.S.C. § 502(j), any Claims held by Defendant and/or its assignee until Defendant satisfies the Judgment.

D. Awarding pre-judgment interest at the maximum legal rate running from the date of the Complaint to the date of Judgment herein;

E. Awarding post-judgment interest at the maximum legal rate running from the date of Judgment herein until the date the judgment is paid in full, plus costs;

F. Awarding Plaintiff attorneys' fees incurred in connection with the investigation and prosecution of this adversary proceeding;

4892-5713-5781
4889-1731-6012

  G. Requiring Defendant to pay forthwith the Judgment amount awarded in favor of Plaintiff; and

  H. Granting Plaintiff such other and further relief as the Court deems just and proper.

            Respectfully submitted,

Date: March 8, 2024   By: */s/ Edmond M. George*
              Edmond M. George, Esquire
              Michael D. Vagnoni, Esquire
              D. Alexander Barnes, Esquire
              OBERMAYER REBMANN MAXWELL & HIPPEL LLP
              Centre Square West
              1500 Market Street, Suite 3400
              Philadelphia, PA  19102-2101
              Telephone: (215) 665-3066
              Facsimile: (215) 665-3165

              Counsel to Stephen J. Scherf, the SBA Plan Trust Administrator of the SBA Plan Trust of Scungio Borst & Associates, LLC