UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
| | : | CHAPTER 11 |
| Scungio Borst and Associates LLC | : | |
| | : | Case No. 22-10609-amc |
| Debtor | : | |
| | : | |
| Stephen J. Scherf, SBA Plan Trust Administrator of SBA Plan Trust, | : | Adversary No. 24-00029-amc |
| | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| Reilly Glazing, Inc. | : | |
| | : | |
| Defendant | : | |

**<u>DEFENDANT, REILLY GLAZING, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S ADVERSARY COMPLAINT</u>**

Defendant, Reilly Glazing, Inc. ("Reilly"), by its attorneys, Cohen Seglias Pallas Greenall & Furman PC, hereby submits this Answer and Affirmative Defenses to the Adversary Complaint filed by Plaintiff, Stephen J. Scherf, SBA Plan Trust Administrator of SBA Plan Trust, and states as follows:

**<u>NATURE OF THE CASE</u>**

1. Denied. This paragraph contains conclusions of law to which no response is required. Additionally, this paragraph refers to writings which speak for themselves and any mischaracterization of same is strictly denied. To the extent an answer is deemed required, all averments are denied.

**<u>JURISDICTION AND VENUE</u>**

2. Denied. This paragraph contains conclusions of law to which no response is required. To the extent an answer is deemed required, all averments are denied.

1

3. Denied. This paragraph contains conclusions of law to which no response is required. To the extent an answer is deemed required, all averments are denied.

4. Denied. This paragraph contains conclusions of law to which no response is required. To the extent an answer is deemed required, all averments are denied.

## PROCEDURAL BACKGROUND

5. Admitted.

6. Admitted.

## THE PARTIES

7. Denied. This paragraph contains conclusions of law to which no response is required. Additionally, this paragraph refers to writings which speak for themselves and any mischaracterization of same is strictly denied.

8. Admitted in part, denied in part. It is admitted that Reilly is a corporation with an address at 200 E. Washington Street, Norristown, PA 19401. The remaining averments are denied.

## FACTUAL BACKGROUND

9. Admitted in part, denied in part. It is admitted that Debtor was a construction manager/general contractor. To the extent an answer is deemed required, all averments are denied. As to the remaining averments in this paragraph, after reasonable investigation, Reilly is without sufficient knowledge or information to form a belief as to the truth or falsity of the averments and therefore all averments are denied.

10. Denied. After reasonable investigation, Reilly is without sufficient knowledge or information to form a belief as to the truth or falsity of the averments and therefore all averments are denied.

11. Admitted.

12. Admitted.

13. Admitted.

14. Denied. After reasonable investigation, Reilly is without sufficient knowledge or information to form a belief as to the truth or falsity of the averments and therefore all averments are denied.

15. Denied. After reasonable investigation, Reilly is without sufficient knowledge or information to form a belief as to the truth or falsity of the averments and therefore all averments are denied.

16. Denied. This paragraph contains conclusions of law to which no response is required. The communications, invoices and agreements between the parties are writings which speak for themselves, and the details set forth in Exhibit "A" do not establish the full circumstances and dates of the timing, invoice and transfer. By way of further answer, it is specifically denied that any payment or transfer received by Reilly is recoverable by Plaintiff.

17. Denied. This paragraph refers to writings which speak for themselves and any mischaracterization of same is strictly denied. By way of further answer, it is specifically denied that any payment or transfer received by Reilly is recoverable by Plaintiff.

18. Denied. Reilly is without the knowledge or information needed to admit or deny the averments set forth in this paragraph. By way of further answer, it is specifically denied that any payment or transfer received by Reilly is recoverable by Plaintiff.

19. Denied. This paragraph contains conclusions of law to which no response is required. By way of further answer, it is specifically denied that any payment or transfer received by Reilly is recoverable by Plaintiff.

20. Denied. This paragraph contains conclusions of law to which no response is required. Additionally, Reilly is without the knowledge or information needed to admit or deny

the averments set forth in this paragraph. By way of further answer, it is specifically denied that any payment or transfer received by Reilly is recoverable by Plaintiff.

21. Denied. This paragraph contains conclusions of law to which no response is required. Additionally, Reilly is without the knowledge or information needed to admit or deny the averments set forth in this paragraph. By way of further answer, it is specifically denied that any payment or transfer received by Reilly is recoverable by Plaintiff.

## CLAIMS FOR RELIEF

### COUNT I
**(Avoidance of Preference Period Transfers – 11 U.S.C. § 547)**

22. Reilly incorporates the preceding paragraphs as if fully set forth at length herein.

23. Denied. This paragraph contains conclusions of law to which no response is required. The communications, invoices and agreements between the parties are writings which speak for themselves, and the details set forth in Exhibit "A" do not establish the full circumstances and dates of the timing, invoice and transfer. By way of further answer, it is specifically denied that any payment or transfer received by Reilly is recoverable by Plaintiff. To the extent Reilly received payment from debtor during the preference period, such payment was made in the ordinary course of the business terms between the Debtor and Reilly, and for new value.

24. Denied. This paragraph contains conclusions of law to which no response is required. Additionally, Reilly is without the knowledge or information needed to admit or deny the averments set forth in this paragraph. By way of further answer, it is specifically denied that any payment or transfer received by Reilly is recoverable by Plaintiff. To the extent Reilly received payment from debtor during the preference period, such payment was made in the ordinary course of the business terms between the Debtor and Reilly, and for new value.

25. Denied. This paragraph contains conclusions of law to which no response is required. Additionally, Reilly is without the knowledge or information needed to admit or deny the averments set forth in this paragraph. By way of further answer, it is specifically denied that any payment or transfer received by Reilly is recoverable by Plaintiff. To the extent Reilly received payment from debtor during the preference period, such payment was made in the ordinary course of the business terms between the Debtor and Reilly, and for new value.

26. Denied. This paragraph contains conclusions of law to which no response is required. Additionally, Reilly is without the knowledge or information needed to admit or deny the averments set forth in this paragraph. By way of further answer, it is specifically denied that any payment or transfer received by Reilly is recoverable by Plaintiff. To the extent Reilly received payment from debtor during the preference period, such payment was made in the ordinary course of the business terms between the Debtor and Reilly, and for new value.

27. Denied. This paragraph contains conclusions of law to which no response is required. Additionally, Reilly is without the knowledge or information needed to admit or deny the averments set forth in this paragraph. By way of further answer, it is specifically denied that any payment or transfer received by Reilly is recoverable by Plaintiff. To the extent Reilly received payment from debtor during the preference period, such payment was made in the ordinary course of the business terms between the Debtor and Reilly, and for new value.

28. Denied. This paragraph contains conclusions of law to which no response is required. Additionally, Reilly is without the knowledge or information needed to admit or deny the averments set forth in this paragraph. By way of further answer, it is specifically denied that any payment or transfer received by Reilly is recoverable by Plaintiff. To the extent Reilly received

payment from debtor during the preference period, such payment was made in the ordinary course of the business terms between the Debtor and Reilly, and for new value.

29. Denied. This paragraph contains conclusions of law to which no response is required. Additionally, Reilly is without the knowledge or information needed to admit or deny the averments set forth in this paragraph. By way of further answer, it is specifically denied that any payment or transfer received by Reilly is recoverable by Plaintiff. To the extent Reilly received payment from debtor during the preference period, such payment was made in the ordinary course of the business terms between the Debtor and Reilly, and for new value.

30. Denied. This paragraph contains conclusions of law to which no response is required. The communications, invoices and agreements between the parties are writings which speak for themselves, and the details set forth in Exhibit "A" do not establish the full circumstances and dates of the timing, invoice and transfer. Additionally, Reilly is without the knowledge or information needed to admit or deny the averments set forth in this paragraph. By way of further answer, it is specifically denied that any payment or transfer received by Reilly is recoverable by Plaintiff. To the extent Reilly received payment from debtor during the preference period, such payment was made in the ordinary course of the business terms between the Debtor and Reilly, and for new value.

31. Denied. This paragraph contains conclusions of law to which no response is required. Additionally, Reilly is without the knowledge or information needed to admit or deny the averments set forth in this paragraph. By way of further answer, it is specifically denied that any payment or transfer received by Reilly is recoverable by Plaintiff. To the extent Reilly received payment from debtor during the preference period, such payment was made in the ordinary course of the business terms between the Debtor and Reilly, and for new value.

32. Denied. This paragraph contains conclusions of law to which no response is required. By way of further answer, it is specifically denied that any payment or transfer received by Reilly is recoverable by Plaintiff.

## COUNT II
### (Avoidance of Fraudulent Conveyances – 11 U.S.C. § 548(a)(1)(B))

33. Reilly incorporates the preceding paragraphs as if fully set forth at length herein.

34. Denied. This paragraph contains conclusions of law to which no response is required. By way of further answer, it is specifically denied that any payment or transfer received by Reilly is recoverable by Plaintiff.

35. Denied. This paragraph contains conclusions of law to which no response is required. By way of further answer, it is specifically denied that any payment or transfer received by Reilly is recoverable by Plaintiff. To the extent Reilly received payment from debtor during the preference period, such payment was made in the ordinary course of the business terms between the Debtor and Reilly, and for new value.

## COUNT III
### (Recovery of Avoided Transfers – 11 U.S.C. § 550)

36. Reilly incorporates the preceding paragraphs as if fully set forth at length herein.

37. Denied. This paragraph contains conclusions of law to which no response is required. By way of further answer, it is specifically denied that any payment or transfer received by Reilly is recoverable by Plaintiff.

38. Denied. This paragraph contains conclusions of law to which no response is required. By way of further answer, it is specifically denied that any payment or transfer received by Reilly is recoverable by Plaintiff.

39. Denied. This paragraph contains conclusions of law to which no response is required. By way of further answer, it is specifically denied that any payment or transfer received by Reilly is recoverable by Plaintiff.

## COUNT IV
### (Disallowance of all Claims – 11 U.S.C. § 502(d) AND (j)))

40. Reilly incorporates the preceding paragraphs as if fully set forth at length herein.

41. Denied. This paragraph contains conclusions of law to which no response is required. By way of further answer, it is specifically denied that any payment or transfer received by Reilly is recoverable by Plaintiff.

42. Denied. This paragraph contains conclusions of law to which no response is required. By way of further answer, it is specifically denied that any payment or transfer received by Reilly is recoverable by Plaintiff.

43. Denied. This paragraph contains conclusions of law to which no response is required. By way of further answer, it is specifically denied that any payment or transfer received by Reilly is recoverable by Plaintiff.

44. Denied. This paragraph contains conclusions of law to which no response is required. By way of further answer, it is specifically denied that any payment or transfer received by Reilly is recoverable by Plaintiff.

45. Denied. This paragraph contains conclusions of law to which no response is required. By way of further answer, it is specifically denied that any payment or transfer received by Reilly is recoverable by Plaintiff.

**PRAYER FOR RELIEF**

WHEREFORE the Defendant, Reilly Glazing, Inc., demands judgment in its favor and against Plaintiff on all Counts with costs and fees taxed to Plaintiff and for such other relief the Court deems just.

**AFFIRMATIVE DEFENSES**

Pursuant to Fed. R. Civ. P. 8(c), Reilly states its affirmative defenses as follows:

1. Plaintiff fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred by Debtor's material breach of contract.

3. Plaintiff's claims are barred by Debtor's failure of consideration.

4. Plaintiff's claims are barred by the doctrine of unclean hands.

5. Plaintiff's claims are barred by the doctrine of laches.

6. Plaintiff's claims are barred by the doctrine of estoppel.

7. Plaintiff's claims are barred by the doctrine of release.

8. Plaintiff's claims are barred by the doctrine of waiver.

9. Plaintiff's claims are barred by the doctrine of payment.

10. Plaintiff's claims are barred by accord and satisfaction.

11. Plaintiff's claims are barred or reduced by Debtor's failure to mitigate damages.

12. Plaintiff's claims are barred or reduced by Debtor's own actions or lack thereof.

13. Plaintiff's claims are barred or reduced by the doctrines of recoupment and/or set-off.

14. Plaintiff's claims are barred by the terms of the contract between Reilly and the Debtor.

15. Plaintiff's claims are barred by Reilly's right of setoff and recoupment resulting from Debtor's breach of the parties Contract.

16. The payment at issue was not a transfer of an interest by the debtor to or for the benefit of Reilly.

17. The payment at issue was not made on account of an antecedent debt owed by the Debtor.

18. Debtor was not insolvent at the time of payment.

19. The payment was not made on or within 90 days of the filing of the bankruptcy petition.

20. Receipt of payment did not enable Reilly to receive more than Reilly would have received if the case was filed under Chapter 7 of the Bankruptcy Code, or the transfer had not been made and Reilly received payment of such debt to the extent provided for by the provisions of the Bankruptcy Code.

21. The payment made was intended by the Plaintiff and Reilly to be a contemporaneous exchange for new value and in fact, was a substantially contemporaneous exchange.

22. The payment was payment of a debt of Debtor in the ordinary course of business or financial affairs of the Debtor and Reilly, and such transfer was made in the ordinary course of business or financial affairs of the Debtor and Reilly.

23. The payment was payment of a debt of Debtor in the ordinary course of business or financial affairs of the Debtor and Reilly, and the payment to Reilly was made according to ordinary business terms and standards in the industry.

24. The payment at issue was made to or for the benefit of Reilly and after payment Defendant gave new value to or for the benefit of the Debtor, which was not secured by an unavoidable security interest and on account of which new value the Debtor did not make an otherwise unavoidable transfer to or for the benefit of Reilly.

25. The payment at issue is not recoverable under 11 U.S.C. 547(j)(2)(B).

26. The payment at issue was exchanged for reasonably equivalent value, and at the time of payment, Debtor was not insolvent, had sufficient capital and had sufficient belief that it could pay its debts as they came due.

27. Reilly received payment for value and in good faith, without actual or constructive knowledge of insolvency or fraudulent intent.

28. Reilly took for value, in good faith and without knowledge of the voidability of the transfer avoided.

29. Reilly is a good faith transferee and to the extent of any recovery, which is denied, is entitled to a lien on the property recovered under 11 U.S.C. §550(e).

30. To the extent any transfer to Reilly is avoided, which is denied, Reilly is entitled to an allowed claim under 11 U.S.C. §502(d) following recovery.

31. To the extent the transfer fell outside the course of historical payment terms, the delay in the transfer was caused by Debtor.

32. Reilly reserves the right to assert additional defenses, including affirmative defenses, as discovery and the law disclose in this action.

WHEREFORE the Defendant, Reilly Glazing, Inc., demands judgment in its favor and against Plaintiff on all Counts with costs and fees taxed to Plaintiff and for such other relief the Court deems just.

Respectfully submitted,

**COHEN SEGLIAS PALLAS GREENHALL & FURMAN, P.C.**

Dated: April 10, 2024      BY: _/s/ Alexander F. Barth_

Alexander F. Barth, Esquire
Bar No. 91558
1600 Market Street, 32nd Floor
Philadelphia, PA 19103
Phone: (215) 564-1700
Email: abarth@cohenseglias.com
*Attorney for Reilly Glazing, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: | CHAPTER 11 |
| Scungio Borst and Associates LLC | Case No. 22-10609-amc |
| Debtor | |
| Stephen J. Scherf, SBA Plan Trust Administrator of SBA Plan Trust, | Adversary No. 24-00029-amc |
| Plaintiff | |
| v. | |
| Reilly Glazing, Inc. | |
| Defendant | |

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served this day via this Court's ECF system on all persons who have entered an appearance in this case.

Dated: April 10, 2024

COHEN SEGLIAS PALLAS
GREENHALL & FURMAN, P.C.

BY: _____
Alexander F. Barth, Esquire
Bar No. 91558
1600 Market Street, 32nd Floor
Philadelphia, PA 19103
Phone: (215) 564-1700
Email: abarth@cohenseglias.com
*Attorney for Reilly Glazing, Inc.*

**This is an attempt by a debt collector to collect a debt,**
**and any information obtained will be used for that purpose.**

9118355.1 55791-0011